| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Patrick O'Brien and Michelle O'Brien | HSBC Mortgage Services, Inc. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Angela Redden-Jansen, #85064<br>3350 Greenwood Blvd.<br>St. Louis, MO 6314.<br>314.645.5900/314.645.5990 fax | |

| PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**DEBTORS' COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS, AND ENCUMBRANCES AGAINST PROPERTY OF THE DEBTORS' BANKRUPTCY ESTATE**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Plaintiff is seeking to determine that the lien of Defendant is not secured by real property, does not constitute a lien against the real property and should be paid as unsecured.

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Patrick O'Brien and Michelle O'Brien | BANKRUPTCY CASE NO.<br>10-45475-399 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District | DIVISION OFFICE<br>Eastern Division || NAME OF JUDGE<br>Schermer |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>October 7, 2010 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Angela Redden-Jansen, #85064 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: Patrick O'Brien and Michelle O'Brien, ) | |
| ) | Case No.: 10-45745 |
| Debtors, ) | |
| ) | Chapter 13 |
| ) | |
| ) | Adversary No.: |
| ) | |
| ) | |
| Patrick O'Brien and Michelle O'Brien, ) | DEBTORS' COMPLAINT TO DETERMINE |
| ) | THE EXTENT AND VALIDITY OF LIENS, |
| Plaintiffs, ) | CLAIMS, AND ENCUMBRANCES |
| v. ) | AGAINST PROPERTY OF THE DEBTORS' |
| ) | BANKRUPTCY ESTATE |
| HSBC Mortgage Services, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEBTORS' COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS, AND ENCUMBRANCES AGAINST PROPERTY OF THE DEBTORS' BANKRUPTCY ESTATE

COMES NOW Patrick O'Brien and Michelle O'Brien, Debtors/Plaintiffs, herein and for their Complaint against HSBC Mortgage Services, Inc., Defendant, and for their prayer for entry of judgment determining nature, extent and validity of any claim held by Defendant herein against property of Debtors' Bankruptcy Estate and states as follow:

### JURISDICTION

1. This Court has subject matter Jurisdiction over the preceding herein pursuant to 28 U.S.C. §1334.

### VENUE

2. Debtors, Patrick O'Brien and Michelle O'Brien, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on or about May 17, 2010, and said case is still pending as off the date of the filing of the complaint herein, as such, venue of this proceeding lies in the Bankruptcy Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1409(a).

### CORE PROCEEDING

3. This is a Core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

## COMPLAINT

4. On or about May 17, 2010 Debtors herein filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code and John V. LaBarge, Jr. was appointed the Trustee in this matter.
5. On or about September, 23, 2010 this court entered an Order Confirming Debtor's Chapter 13. Plan. The plan provides for the avoidance of the lien of Creditor, HSBC Mortgage Services, Inc.
6. No objection was filed to Debtors' plan by HSBC Mortgage Services, Inc.
7. At the filing of the Debtors' Bankruptcy petition herein, the Debtor listed an interest fee simple in property located at 1248 Green Falls Dr., Fenton, MO 63026 and legally described as follows:

   LOT 45 OF GREEN MAR PLAT 2, A SUBDIVISION RECORDED IN PLAT BOOK 130, PAGE 32 IN THE ST. LOUIS COUNTY RECORDER'S OFFICE.

8. The Debtors' scheduled said real property as having a value of $135,000.00.
9. Debtors had an appraisal of the property completed by Midwest Rapid Appraisal, on or about June 30, 2010. The value of the property as indicated by said appraisal is $132,500.00. Attached hereto and labeled as EXHIBIT "A" is a copy of said appraisal.
10. That on or about July 15, 2005 Debtors entered into a mortgage with Intervale Mortgage Corporation, presumably said Deed of Trust was subsequently assigned to US BANK National Association, as Trustee for Credit Suisse HEAT 2006-1, constituting a lien against the real property at the time of the execution in the amount of $138,400.00. Said Deed of Trust was recorded in the Recorder of Deeds Office in and for the County of St. Louis State of Missouri on July 27, 2005 in Book 16673 Page 1126. Said mortgage constitutes a first mortgage on Debtors' real property. Said Deed of Trust is attached here to as EXHIBIT "B".
11. That on or about July 15, 2005 Debtors entered into a mortgage with Intervale Mortgage Corporation, said Deed of Trust was subsequently assigned to HSBC Mortgage Services, Inc., by Mortgage Electronic Registration Systems, Inc., constituting a lien against the real property at the time of the execution in the amount of $34,600.00. Said Deed of Trust was recorded in the Recorder of Deeds Office in and for the County of St. Louis State of Missouri on July 27, 2005 as Document 171. Said mortgage constitutes a second mortgage on Debtors' real property. Said Deed of Trust is attached here to as EXHIBIT "C".
12. That the property is also subject to a statutory lien in favor of Metropolitan Sewer District in the amount of $1,257.35 which pursuant to RSMo §249.645 sets out that a MSD "lien shall have priority as and be enforced in the same manner as taxes levied for state and county purposes" as such the MSD lien constitutes a statutory first lien on the real property and shall be paid prior to all other liens on the real property. Attached hereto as EXHIBIT "D" is a copy of the Proof of Claim filed by MSD evidencing its lien and the balance due thereon.
13. That on or about June 2, 2010 US BANK National Association, as Trustee for Credit Suisse HEAT 2006-1, filed a proof of claim in the Debtor's instant case in the total amount of $144,998.36. Attached hereto as EXHIBIT "E" is a copy of said proof of claim.
14. That on or about June 11, 2010 HSBC Mortgage Services, Inc. filed a proof of claim in Debtors' instant case in the amount of $33,160.22. Attached hereto as EXHIBIT "F" is a copy of said proof of claim.
15. That accordingly the second mortgage lien to HSBC Mortgage Services, Inc. is not secured by one dollar of equity in the real property.

16. Pursuant to 11 USC §506(a): "An allowed claim of a creditor secured by a lien on real property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such claim."
17. The rights of a lien holder of a claim secured by a lien on Debtors' residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed senior liens there on according to 11 USC §506(a) and 11 USC §1322(b)(2).
18. The rights of a junior lien holder are subject to modification, including treatment of their respective claims as general unsecured claims and the lien is subject to removal upon granting of a Chapter 13 Discharge.
19. The real property herein according to the appraisal attached hereto has a value of no more than $132,500.00 with a first mortgage in the amount of $144,998.36 and a statutory lien to MSD in the amount of $1,257.35 which is entitled to priority pursuant to their respective proofs of claim filed with the court. Consequently, the lien of Defendant is not secured by value in excess of the first and superior mortgage lien and statutory priority lien of MSD. As such the claim of Defendant is not secured within the meaning of 11 USC §506 and is subject to modification.

WHEREFORE, Plaintiffs pray that this court enter an Order and Judgment determining that the lien of HSBC Mortgage Services, Inc. herein is to be treated as a general unsecured claim and that the Deed of Trust of Defendant currently filed of record with the Recorder of Deeds Office in and for the County of St. Louis State of Missouri on July 27, 2005 as Document 171 be released upon granting of a Discharge to the Debtors' pursuant to 11 USC §1328 without any further order of the court and for such other and further relief as this court deems just and proper under the circumstances.

s/s Angela Redden-Jansen
Angela Redden-Jansen, #85064
Attorney for the Debtor
3350 Greenwood Blvd.
Maplewood, MO 63143
(314) 645-5900
(314) 645-5990 (fax)
amredden@swbell.net

**SERVE AT:**
**Courtesy Copy To:**
**VIA REGULAR MAIL**
**HSBC Mortgage Services, Inc.**
**636 Grand Regency Blvd.**
**Brandon, FL 33510**

**VIA CERTIFIED MAIL**
**Registered Agent:**
**CT Corporation Services**
**120 South Central**
**Clayton, MO 63105**